IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, <br>     Plaintiff <br><br> v.    Code <br><br> ROYAL FREIGHT, L.P. and NERI OLIVAREZ, individually and as personal representative and heir of the estate of JORGE OLIVAREZ, deceased, <br>     Defendants | § § § § § § § § § § § § § | CASE N0. _____ |

## **ORIGINAL COMPLAINT SEEKING DECLARATORY RELIEF**

TO THE COURT:

United Specialty Insurance Group ("United"), Plaintiff, files this as its Original Complaint Seeking Declaratory Relief. In support of its Original Complaint, United would show this Court as follows:

## **Parties**

1. United Specialty Insurance Company is a surplus lines insurance carrier organized under the laws of the State of Delaware, with its headquarters and principal place of business in Texas.

2. Royal Freight, L.P. is a trucking company organized and doing business under the laws of the State of Texas. Royal Freight can be served with process through service on Bill Head at 407 West Sioux Road, Pharr, Texas 78577, or wherever he may be found. United requests that summons be issued so that service may be perfected upon this defendant.

1

3. Neri Olivarez, Individually and As Personal Representative and Heir of the Estate of Jorge Olivarez, Deceased, is an individual resident of the state of Texas, and can be served with process at 3300 Harvey Drive, McAllen, Texas 78501, or wherever she may be found. United requests that summons be issued so that service can be perfected upon this defendant at this time.

## Jurisdiction and Venue

4. Federal question jurisdiction exists in this Court because the coverage issues before this court implicate federal law, including the interpretation of the MCS-90 endorsement under 49 C.F.R. §387.1-.17 as well as an interpretation of the definition of statutory employee under 49 C.F.R. §390.5. 28 U.S.C. § 1331.

5. Venue is proper in this Court because Royal Freight is the named insured under a policy of insurance issued by United. At the time the policy was issued, Royal Freight had its headquarters and principal place of business in Pharr, Texas, and the policy in question was delivered to Royal Freight in Pharr, Texas. Consequently, venue for this declaratory judgment action is proper in this Court. 28 U.S.C §124(b)(7).

## Background

6. United Specialty Insurance Company issued Policy No. MAT 0003400-30730 to MAC-NAFTA, with a certificate issued to Royal Freight LP (the "Policy"). The Policy had a policy period from 10/1/14 to 10/1/15.

7. Jorge Olivarez died while he was at a truck stop in the middle of hauling a load for Royal Freight. After he died, a lawsuit was filed, which was

styled: Cause No. C-3029-16-D; *Neri Olivarez, Individually and As Personal Representative and Heir of the Estate of Jorge Olivarez, Deceased vs. Royal Freight, L.P.;* In the 206th Judicial District Court of Hidalgo County, Texas (the Underlying Lawsuit").

8. According to the petition in the Underlying Lawsuit:

Jorge Olivarez (hereinafter known as "Mr. Olivarez"), **was an employee for Royal Freight, L.P. for over 4 years**. Mr. Olivarez was a truck driver who did not use his personal vehicle to accomplish work performed for Defendant. Defendant would send Mr. Olivarez with loads that required Mr. Olivarez's services and Defendant would send Mr. Olivarez in Defendant's own vehicles to accomplish those tasks within a time period which Defendant controlled. Plaintiff was an employee whom Defendant withdrew Federal Withholding, Medicare and Social Security taxes from his pay. Defendant would often place Mr. Olivarez with extreme tight traveling schedules. Many times Mr. Olivarez would not sleep in order to comply with Defendant's instructions to get Defendant's loads to their destination within a prescribed time. The work load and the stress caused Mr. Olivarez health issues, and/or compounded his health issues (emphasis added).

9. The Underlying Lawsuit goes on to allege the following:

On or about March 31, 2016, Defendant sent Mr. Olivarez to take a load of merchandize to the State of Iowa. Mr. Olivarez told his wife that he was tired, but that it was urgent that the load for Defendant be on time. Defendant would often send Mr. Olivarez on such work transports. On or about April 1, 2016 (according to death certificate report) Mr. Olivarez may have died of hypertensive cardiovascular disease.

* * *

Mr. Olivarez died as he was parked at Shell Truck Stop in Missouri Valley, Iowa, **while still working for Defendant** (emphasis added).

## The Policy

10. In pertinent part, the Policy provides coverage under the Truckers Coverage Form. Under the insuring agreement portion of the Policy, the Policy reads as follows:

**SECTION II- LIABILITY COVERAGE**

**A.     Coverage**

We will pay all sums and "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto".

11. The Policy contains several exclusions which may be applicable.

12. More specifically, the Policy reads as follows:

**B.     Exclusions**

This insurance does not apply to any of the following:

. . .

**4.     Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.**    An "employee" of the "insured" arising out of and in the course of:

**(1)**   Employment by the "insured"; or

**(2)**   Performing the duties related to the conduct of the "insured's" business; or

**b.**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **a.** above.

This exclusion applies:

**(1)**   Whether the "insured" may be liable as an employer or in any other capacity; and

4

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

13. In addition, the Policy contains a federally-mandated endorsement, the MCS-90 endorsement.

14. In pertinent part, the MCS-90 endorsement reads as follows:

The insurance policy to which this endorsement is attached provides automobile liability insurance is amended to assure compliance by the insured, within the limits stated herein, is a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs only route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, ***does not apply to injury to or death of the insured's employees*** while engaged in the course of their employment, or property transported by the insured, designated as cargo.(MCS-90 Endorsement, emphasis added).

**Employee or Statutory Employee**

15. Jorge Olivarez was either a direct employee of Royal Freight or was a statutory employee of Royal Freight. Because Jorge Olivarez was engaged in interstate transportation activities on behalf of Royal Freight, LP at the time of the incident that gives rise to the Underlying Lawsuit, Olivarez is considered a statutory employee of Royal Freight. 49 C.F.R. §390.5.

16. According to the federal regulations, the definition of employee under 49 C.F.R. §390.5 is:

> Employee means any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and freight handler. *See,* 49 C.F.R. § 390.5.

17. Because Jorge Olivarez was engaged in the operation of interstate transportation as a driver at the time of the incident that gives rise to the Underlying Lawsuit, Jorge Olivarez is considered an employee or statutory employee of Royal Freight. Accordingly, the Employee Exclusion operates to eliminate coverage under the United Policy for the claims made by Neri Olivarez, Individually and As Personal Representative and Heir of the Estate of Jorge Olivarez, Deceased, in the Underlying Lawsuit against Royal Freight.

18. The United Policy also contains a federally-mandated endorsement known as the "MCS-90 Endorsement" that may be applicable under certain circumstances. However, the MCS-90 Endorsement only applies on a limited basis to "for-hire motor carriers operating motor vehicles transporting property

6

in interstate or foreign commerce." 49 C.F.R. §387.3. The MCS-90 Endorsement also, by it terms, specifically does not apply to injury or death of the insured's employees while engaged in the course of their employment. Because Jorge Olivarez was an employee or statutory employee of Royal Freight at the time of the accident that forms the basis of the Underlying Lawsuit, the MCS-90 Endorsement does not apply to the claims of Neri Olivarez, Individually and As Personal Representative and Heir of the Estate of Jorge Olivarez, Deceased.

## Relief Sought

19. United seeks a declaration from this Court of no coverage pursuant to 28 U.S.C. §§2201 and 2202. United is further entitled to a declaration from this Court that no duty to defend Royal Freight exists for the claims made in and which form the basis of the Underlying Lawsuit. Additionally, United is entitled to a declaration from this Court that it has no duty to provide indemnity to pay for any judgment that might be rendered against Royal Freight for the claims made in and which form the basis of the Underlying Lawsuit.

## Prayer

20. United Specialty Insurance Group prays that after consideration of this matter, either through trial or dispositive motion, that this court order and declare the following:

    a. that no coverage exists under United Specialty Insurance Group Policy No. MAT 0003400-30730 to MAC-NAFTA, with a certificate issued to Royal Freight LP for the claims made in and which form

      the basis of that particular lawsuit styled: Cause No. C-3029-16-D; *Neri Olivarez, Individually and As Personal Representative and Heir of the Estate of Jorge Olivarez, Deceased vs. Royal Freight, L.P.;* In the 206th Judicial District Court of Hidalgo County, Texas;

b.   that United Specialty Insurance Company has no duty under Policy No. MAT 0003400-30730 to MAC-NAFTA, with a certificate issued to Royal Freight LP to provide a defense to Royal Freight, LP for the claims made in and which form the basis of that particular lawsuit styled: Cause No. C-3029-16-D; *Neri Olivarez, Individually and As Personal Representative and Heir of the Estate of Jorge Olivarez, Deceased vs. Royal Freight, L.P.;* In the 206th Judicial District Court of Hidalgo County, Texas;

c.   that United Specialty Insurance Company has no duty under Policy No. MAT 0003400-30730 to MAC-NAFTA, with a certificate issued to Royal Freight LP to indemnify Royal Freight LP Trucking, Inc. or any other entity or person who may obtain a judgment or award for the claims made in and which form the basis of that particular lawsuit styled: Cause No. C-3029-16-D; *Neri Olivarez, Individually and As Personal Representative and Heir of the Estate of Jorge Olivarez, Deceased vs. Royal Freight, L.P.;* In the 206th Judicial District Court of Hidalgo County, Texas; and

d.     that United Specialty Insurance Company receive all other relief, general or special, at law or in equity, to which it shows itself entitled to receive.

                              Respectfully Submitted,

BY: /s/George T. Jackson
George T. Jackson
Texas Bar No. 10466950
Federal Bar No. 15072
5615 Kirby Drive, Suite 900
Houston, TX 77005
(713)626-1555 Telephone
(713)622-8077 Telecopier
gjackson.atty@bushramirez.com

**BUSH & RAMIREZ, PLLC of counsel**

**ATTORNEY FOR UNITED SPECIALTY INSURANCE COMPANY**